## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 11-21580-CIV-GOODMAN

### [CONSENT CASE]

APRIL GENTRY,

    Plaintiff,

v.

CARNIVAL CORP, et al.,

    Defendants.

_____/

### ORDER ON MOTIONS TO DISMISS

This matter is before the Court on motions to dismiss by Defendant Carnival Corporation (DE 13) and Defendants Mystic Mountain Limited, Elite Shores Excursion Foundation, and Rainforest Adventures (collectively "the excursion entities") (DE 15). After the motions to dismiss were filed, Plaintiff April Gentry voluntarily dismissed the claims against Elite Shores and Rainforest without prejudice (DE 24). The motions to dismiss remain pending as to Carnival and Mystic Mountain. The Court reviewed the motions, the responses and replies, the pertinent portions of the record, and is otherwise duly advised.

For the reasons outlined below, Carnival's motion is **granted** as to Count VIII, with leave to amend, and **denied** on the remaining counts, and Mystic Mountain's motion is **denied**.

## I.     JURISDICTION

This is a personal injury suit arising out of the plaintiff's participation in a cruise ship excursion. Plaintiff alleges two bases for jurisdiction: diversity and admiralty. Although Defendants did not raise the the issue of subject matter jurisdiction in their motions to dismiss, the Court has an obligation to consider its subject matter jurisdiction *sua sponte*. *Arce v. Garcia*, 400 F.3d 1340, 1344 (11th Cir. 2005).

Plaintiff April Gentry is a citizen of New York. Defendant Carnival is a Panamanian corporation whose principal place of business is Florida. *See* 28 U.S.C. § 1332(c)(1). The complaint does not allege the citizenship or principal place of business of Mystic Mountain, the remaining defendant in this action. Instead, it states only that Mystic Mountain is believed to be a foreign corporation with a principal place of business in a state other than New York. (Compl. ¶ 1). To properly invoke diversity jurisdiction with a defendant corporation, the complaint must allege each defendant's state of incorporation or principle place of business. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Gentry's complaint therefore does not properly allege diversity jurisdiction.

But this does not mean the Court lacks subject matter jurisdiction here.

A tort claim is subject to the federal courts' admiralty jurisdiction when (1) it occurs on navigable waters or is caused by a vessel on navigable waters, (2) the incident has a potentially disrupting impact on maritime commerce, and (3) the general character giving rise to the incident has a substantial relationship to traditional maritime activities. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). The Eleventh Circuit has taken an expansive view of admiralty jurisdiction and has found

that this test is satisfied by common torts committed against cruise ship passengers even when they are not on the cruise ship itself. *See, e.g.*, *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 900-02 (11th Cir. 2004) (sexual assault of passenger by crew member **at a port-of-call** sufficient to invoke admiralty jurisdiction); *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) (finding that admiralty law governed slip and fall incident on cruise ship and noting that "when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction . . . if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case").

Gentry alleges that she was injured while participating in an excursion in Jamaica, a scheduled port-of-call on one of Carnival's commercial cruises. She also alleges that during the cruise Carnival promoted the excursion as part of the voyage. (Compl. ¶¶ 9-10, 12). Courts have found similar allegations sufficient to invoke the federal courts' admiralty jurisdiction for torts committed against cruise ship passengers under the Eleventh Circuit's expansive interpretation in *Doe*. *See generally Balaschak v. Royal Caribbean Cruises, Ltd.*, No. 09-21196, 2009 U.S. Dist. LEXIS 126949, at *11 (S.D. Fla. Sept. 14, 2009) (explaining *Doe*'s holding as extending admiralty jurisdiction in order to guarantee the "cruise ship's obligations to its passengers with regard to excursions"). This case will proceed under admiralty jurisdiction.

## II.      PROCEDURAL BACKGROUND

Gentry filed a five-count complaint. The counts are misnumbered I, II, III, VII, and VIII, instead of I, II, III, IV, and V. In order to maintain clarity and organization, the Court will refer to the counts as they appear in the complaint.

Count I alleges negligence against Carnival. Count II alleges negligence against the excursion entities (the only one of which remaining in this case is Mystic Mountain). Count III alleges apparent agency or agency by estoppel against Carnival, Count VII alleges a joint venture against Carnival and the excursion entities, and Count VIII alleges a third party beneficiary breach of contract theory against Carnival and the excursion entities.

Carnival moves to dismiss all four claims asserted against it. Mystic Mountain moves to dismiss only the joint venture claim.

### III.  STANDARD FOR MOTION TO DISMISS

In reviewing a motion to dismiss, all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Under the plausibility standard announced by the Supreme Court in *Twombly*, the facts pled in the complaint must "raise a reasonable expectation that discovery will reveal evidence" corroborating the plaintiff's claim. 550 U.S. at 556. When the plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 570. Thus, to survive a motion to dismiss, the complaint must set forth sufficient factual matter to state a claim that is facially plausible; a claim is

facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Where the allegations in the complaint do not allow the court to "infer more than the mere possibility of misconduct," the plaintiff has not shown that he is entitled to relief. *Id.*

"As a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 409 n.10 (11th Cir. 1996). Additionally, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## IV.    CLAIM ANALYSIS

### Count I: Negligence Claim

Carnival moves to dismiss Count I because, it argues, Gentry has alleged an improper standard of care, does not plead sufficient facts to sustain a cause of action for negligence and improperly alleges a duty based on the International Safety Management Code (ISM).

The Supreme Court held in *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959), that "the owner of a ship in navigable waters owes to all who are on board for purposes not inimical to his legitimate interests the duty of exercising reasonable care under the circumstances of each case." Plaintiff properly alleges that

Carnival's duty was "to provide Plaintiff with reasonable and ordinary care under the circumstances." (Compl. ¶ 19).

Defendant notes that several courts have refined this duty as it relates to off-shore excursions, holding that "where a common carrier has a continuing obligation for the care of its passengers, its duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." *Carlisle v. Ulysses Line, Ltd., S.A.*, 475 So. 2d 248, 251 (Fla. 3d DCA 1985); *see also Tradewind Transp. Co. v. Taylor*, 267 F.2d 185, 188 (9th Cir. 1959) ("the duty . . . owed the passengers in regard to the Soto Mission (owned and controlled by third parties) was simply that of ordinary care: to warn them of any unreasonable risk of harm in or about the said Mission; i.e., a dangerous condition known to [the common carrier] and unknown to the passenger"). Concerning this standard of care, Gentry alleges that Carnival failed to warn her of dangers concerning the excursion but does not specifically allege what dangers were known to Carnival. (Compl. ¶ 21.c).

Thus, Gentry sufficiently alleged the proper duty of care under *Kermarec*. Although she did not fully allege the duty articulated in *Carlisle*, *Tradewind*, and other similar cases cited by Carnival, none of these cases cited by Carnival constitute binding precedent from the Supreme Court or Eleventh Circuit. The Third DCA's holding in *Carlisle*, while persuasive, is also not binding under *Erie* because federal maritime law -- not state tort law -- governs this claim. *Everett*, 912 F.2d at 1358.

Moreover, Gentry provided Carnival with "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8 does "not require that a plaintiff specifically plead every element of a cause of action." *Roe v.*

6

*Aware Woman Ctr. for Choice*, *Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).  The complaint must only contain "inferential allegations from which [the court] can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Id.* at 684.[1]

Here, Gentry pled sufficient facts to infer that, as a paying passenger aboard a Carnival ship, she was owed a duty of care by Carnival.  (See Compl. ¶ 8).  Carnival's precise duty of care is a matter that is properly litigated at a later stage of this case, such as on a motion for summary judgment or in determining appropriate jury instructions.  Similarly, because Gentry's complaint contains sufficient allegations to recover under *a* viable theory of negligence (because Carnival owed her a duty of care under *Kermarec*), the fact that Gentry alleged an additional basis for Carnival's duty predicated on the ISM is not relevant for deciding this motion to dismiss.

Carnival also argues that Gentry has not alleged sufficient details regarding her injury.  Gentry alleged that she was injured when the seat belt restraint on the excursion bobsled ride failed.  (Compl. ¶ 21.u).  Nevertheless, Carnival contends that it is unclear from the complaint what Gentry claims Carnival knew or should have known about the dangers of going on the excursion.  At the very least, Carnival argues, Gentry should submit a more definite statement pursuant to Rule 12(e).

The Court finds that Gentry sufficiently alleged a negligence claim for purposes of surviving a Rule 12(b)(6) motion and requiring Gentry to replead this claim in greater

---

[1] Consequently, some district courts have declined to dismiss complaints under Rule 8 even when the plaintiff has alleged an *improper* standard of care.  *See Balaschak*, 2009 U.S. Dist. LEXIS 126949, at *16-17 (identifying a split among district courts in the Southern District of Florida over whether the plaintiff must allege the applicable standard of care under *Kermarec*, and declining to dismiss a complaint alleging an improper standard of care because the complaint sufficiently notified the defendant of the plaintiff's claim).

detail would be unnecessary and inefficient. The complaint contains "enough factual matter (taken as true) to suggest" that Carnival was negligent. *Twombly*, 550 U.S. at 556; *see also Prokopenko v. Royal Caribbean Cruise Ltd.*, 10-20068, 2010 U.S. Dist. LEXIS 37618 (S.D. Fla. Apr. 15, 2010) (allegation that plaintiff "was caused to fall on water on the deck of the ship at or near the swimming pool, causing her serious injury" was "sufficient to draw a reasonable inference of negligence" under *Iqbal*). It provides Carnival with notice of what the claim is about. *See Thompson v. Allstate Ins. Co.*, 476 F.2d 746, 749 (5th Cir. 1973). Gentry is not required to plead evidence, nor even all the facts upon which her claim is based. *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3d Cir. 1977). Carnival will have ample opportunity to learn more about Gentry's injury and the specific dangers which she claims Carnival failed to warn her about during discovery.

Carnival's motion to dismiss will be denied as to Count I.

**Count III: Apparent Agency Claim**

Carnival moves to dismiss Count III for apparent agency or agency by estoppel because Gentry did not allege that she reasonably believed that the excursion entities had authority to act for the benefit of Carnival and that any such belief would be unreasonable as a matter of law because of the terms of Gentry's ticket contract with Carnival.

An apparent agency exists when "1) the alleged principal makes some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal, 2) that such belief was reasonable and 3) that the claimant reasonably acted on such belief to his detriment." *Doonan v. Carnival Corp.*, 404 F. Supp. 2d 1367, 1371 (S.D. Fla. 2005). The complaint contains sufficient factual material to infer that Gentry relied on Carnival's representations to her detriment. (Compl. ¶¶ 11-

8

12). Gentry's allegations are sufficient to provide the fair notice required by Rule 8. Requiring Gentry to also allege that her reliance was reasonable would serve no practical purpose because reasonableness is a question of fact which cannot be decided on a motion to dismiss. *See Archer v. Trans/American Services, Ltd.*, 834 F.2d 1570, 1573 (11th Cir. 1988) ("the existence of an agency relationship is a question of fact").

It is only appropriate to dismiss an apparent agency claim on the grounds urged by Carnival when the plaintiff's belief would be unreasonable *as a matter of law*. In *Hajtman v. NCL (Bahamas) Ltd.*, 526 F. Supp. 2d 1324, 1328-29 (S.D. Fla. 2007), for example, the district court dismissed an apparent agency claim against a carrier because of case law holding that, as a matter of law, carriers are not vicariously liable for their medical staff.

Here, Carnival argues that Gentry's belief was unreasonable as a matter of law because of a provision in her ticket contract stating that all excursions and tours are operated by independent contractors. Gentry did not attach the ticket contract to her complaint, however. Carnival cites several cases which permit the consideration of essential documents that are not attached to the complaint. The rationale for considering these documents is that "when a plaintiff files a complaint based on a document but fails to attach that document to the complaint, the defendant may so attach the document," because "the document, as one that could have or rather in fairness should have been attached to the complaint, is considered part of the pleadings and thus may be reviewed at the pleading stage without converting the motion into one for summary judgment." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1281 n.16 (11th Cir. 1999). In *Bryant*, the Eleventh Circuit noted that courts will consider outside documents when (1) they are

9

referred to in the plaintiff's complaint and (2) are central or integral to the plaintiff's claim. *Id.*[2]

These considerations are not present here. Upon review of Gentry's complaint, the Court did not find any reference to her ticket contract and Carnival has not identified one. This distinguishes Gentry's complaint from the cases cited by Carnival, which considered contracts outside of the pleadings in deciding motions to dismiss. *See Bickley v. Caremark Rx, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleading for purposes of Rule 12(b)(6) dismissal") (quoting *Brooks v. Blue Cross & Blue Shield, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)); *Wajnstat v. Oceania Cruises, Inc.*, No. 09-21850, 2011 U.S. Dist LEXIS 10900, at *13 n.2 (S.D. Fla. Feb. 8, 2010) (passenger ticket not outside pleadings "because the complaint specifically refers to the document . . . and because the contract is central to the Plaintiff's claims").

Apart from her third party beneficiary claim, which is a claim based on a *different* contract between Carnival and the excursion entities, Gentry does not assert any breach of contract claims against Carnival. Instead, she asserts claims based on tort theories. As such, the ticket contract is not essential or integral to her claims, rather, it is part of Carnival's defenses.

Therefore, because Carnival has not demonstrated the applicability of this exception, the Court will not depart from the general rule that it does "not consider anything beyond the face of the complaint . . . when analyzing a motion to dismiss."

---

[2] In *Bryant*, the Eleventh Circuit found that the district court was authorized, at the motion to dismiss stage, to take judicial notice of relevant public documents required to be filed with the SEC, and actually filed with the Commission.

*Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). Considering only the allegations in the complaint, it cannot be said that Gentry's belief that an agency relationship existed was unreasonable as a matter of law.

Carnival's motion to dismiss will be denied as to Count III.

**Count VII: Joint Venture Claim**

Next, Carnival argues that the joint venture claim should be dismissed because Gentry does not allege an *intention* on the part of Carnival and the excursion entities to enter into a joint venture agreement. Mystic also moves to dismiss this claim. Mystic echoes Carnival's argument that the claim should be dismissed because Gentry does not allege an intention to form a joint venture. Mystic further argues that the complaint should be dismissed because Gentry did not properly allege that Carnival and the excursion entities shared profits and losses.

> A joint venture, like a partnership, may be created by express or implied contract, and the contractual relationship must consist of the following elements: (1) a common purpose; (2) a joint proprietary interest in the subject matter; (3) the right to share profits and duty to share losses, and (4) joint control or right of control.

*Williams v. Obstfeld*, 314 F.3d 1270, 1275-76 (11th Cir. 2002); *see generally Kislak v. Kreedian*, 95 So. 2d 510 (Fla. 1957).

Focusing on defendants' first argument, Gentry responds that the intention to enter into a joint venture is an issue of fact that cannot be decided on a motion to dismiss. Defendants cite *Bridgewater v. Carnival Corp.*, No. 10-22241, 2011 U.S. Dist. LEXIS 20626 (S.D. Fla. 2011) and *Skeen v. Carnival Corp.*, No. 08-22618, 2009 U.S. Dist. LEXIS 39355 (S.D. Fla. Apr. 24, 2009), where district courts dismissed joint venture claims because of the plaintiffs' failure to allege the parties' intent to create a joint

11

venture. In *Fulcher's Point Pride Seafood v. M/V "Theodora Maria"*, 935 F.2d 208, 212-13 (11th Cir. 1991), however, the Eleventh Circuit warned against a hyper-technical application of the elements of a joint venture and suggested that the element of intent could be inferred from the surrounding circumstances:

> The last singular examination we make is of intent. Fulcher argues that the district court erred by finding a joint venture without making a finding that the parties intended to create a joint venture. We disagree. First, we are not convinced that a finding of intent was not made. In this case, we know little of the parties' true intentions, other than their largely self-serving testimony on that count. However, we do have their actions. We have already discussed the significant aspects of joint venture in that regard. Under the factual findings made in this case, we conclude that the district court did not err by failing to expressly find "intent" to form a joint venture.
>
> Second, while *Sasportes* indicated that "the parties' intentions are important," *Sasportes* [*v. M/V SOL DE COPACOBANA*, 581 F.2d 1204, 1208 (5th Cir. 1978)] (citation omitted), we read *Sasportes* to suggest only that the intentions of the parties are important to reveal the nature of an agreement, but not to suggest that they are paramount in a finding of joint venture. We conclude that whatever the true intent of the parties, their conduct (and the intent thereby evidenced) created a joint venture. The district court's conclusion was not error.

In view of the Eleventh Circuit's holding in *Fulcher's Point*, Gentry's failure to specifically allege that the parties intended to create a joint venture is not fatal so long as the other allegations provide enough factual material to make it plausible that the parties intended to create one.

Turning to whether Genrty has sufficiently alleged profit and loss sharing, the Court will "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Gentry's allegation that Carnival shared profits and losses with the excursion entities is merely a recital of an element of a joint venture that is not entitled to a presumption of

12

truth. *See id. at* 1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

But Gentry *also* alleges that Carnival determined the amount of money that the excursion entities would charge, paid the excursion entities a portion of the sales for excursion tickets sold, and collected money on behalf on the excursion entities. (Compl. ¶ 14). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. Gentry's allegations, even if proven, do not clearly establish profit and loss sharing, but at this stage in the litigation they suffice to show a business relationship that could *plausibly* be a joint venture. Another consideration is that, unlike in *Twombly* and *Iqbal*, the defendants here have not proffered an *obvious* alternative explanation for their behavior.

At bottom, the Court will not dismiss this claim because the allegations are "enough to raise [Gentry's] right to relief above the speculative level." *Twombly*, 550 U.S. at 555. But not by much. While the allegations are minimally sufficient to survive a motion to dismiss, Gentry should be aware that discovery will have to yield more evidence than what the allegations in the complaint would otherwise reflect to survive a motion for summary judgment. *Cf. id.* at 556 ("a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely'") (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 730 (7th Cir. 1986) ("We do not want to arouse false hopes; the plaintiffs have a tough row to hoe. They may lose eventually on summary judgment if discovery yields no more

evidence than is contained in the unsupported assertions . . . . But the plaintiffs are entitled to make additional efforts to prove a case . . . ."); *Balaschak* 2009 U.S. Dist. LEXIS 126949, at *18 (noting that pleadings "must be construed so as to do justice," explaining that an order requiring repleading "would be time consuming and inefficient," determining that it makes sense to "keep the case moving" and concluding that the merits of the negligence claim against the cruise company defendant "are best tested with a motion for summary judgment").

Defendants' motions to dismiss will be denied as to Count VII.

**Count VIII: Breach of Contract Based on Third Party Beneficiary Theory**

Finally, Carnival moves to dismiss the third party beneficiary claim because Gentry did not allege Carnival's contractual duty or that Carnival breached any contract. Carnivals contends that the law in this district will not imply a contractual obligation on a cruise ship and that, in any event, Carnival cannot be held liable based on a contract that it did not breach. The excursion entities have not moved to dismiss this claim.

A third party beneficiary claim is a breach of contract claim in which, in addition to alleging the existence of a contract, a breach, and damages, the plaintiff must also allege an intention of the contracting parties, either expressed by the parties or in the provisions of the contract, that the contract primarily and directly benefit the plaintiff. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 982 (11th Cir. 2005); *Vencor Hosps. v. Blue Cross Blue Shield*, 169 F.3d 677, 680 (11th Cir. 1999); *Caretta Trucking v. Cheoy Lee Shipyards*, 647 So. 2d 1028, 1031 (Fla. 4th DCA 1994).

Carnival cites several cases for the proposition that a breach of contract claim cannot be implied in favor of a passenger against a cruise line. Although several cases

claim that is the law in the *Eleventh Circuit*, it appears that the rule originated in a district court case: *Hass v. Carnival Cruise Lines, Inc.*, 1986 AMC 1846 (S.D. Fla. 1986). In *Hass*, the district court refused to depart from the general rule that there is no warranty of sea-worthiness to fare-paying passengers, stating that "the contract of carriage reveals no provision guaranteeing safe passage and the law of admiralty will not imply one; thus the plaintiff's only viable cause of action must be based on negligence." *Id.* at 1847. Although there does not appear to be any Eleventh Circuit case approving this approach, the rule of *Hass* has gained widespread acceptance among the district courts in this Circuit. *See, e.g.*, *Isberner v. Celebrity Cruises, Inc.*, No. 06-60447, 2006 U.S. Dist. LEXIS 94934, at 9 (S.D. Fla. Dec. 21, 2006) (a cruise ship passenger may not bring a breach of contract claim against a cruise line 'unless there is an express provision in the contract of carriage guaranteeing safe passage'"); *Doonan*, 404 F. Supp. 2d at 1372 ("maritime law will not support a passenger's breach of contract claim unless there is an express provision in the contract of carriage guaranteeing safe passage"); *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1320 (M.D. Fla. 2002); *Jackson v. Carnival Cruise Lines, Inc.*, 203 F. Supp. 2d 1367, 1377 (S.D. Fla. 2002) ("maritime law will not imply a provision guaranteeing safe passage").

To a great extent, this consideration appears to be based on the historic distinction in maritime law between the duty of care owed to crewmembers (a warranty of seaworthiness) and the lesser duty of care owed to fare-paying passengers (reasonable care under the circumstances). *See Gele v. Chevron Oil Co.*, 574 F.2d 243, 248 (5th Cir. 1978) (explaining distinction); *see also Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d

1332, 1335 (11th Cir. 1984) (passengers are not covered by warranty of seaworthiness). Implying a contractual duty here would undermine this well-settled distinction.

The complaint does not allege any contractual obligations on the part of Carnival. Thus, because Gentry does not allege that Carnival owed her any *contractual* duties, the great weight of authority in this district counsels strongly in favor of dismissing this claim as against Carnival.

Additionally, Gentry alleges that the *excursion entities*, not Carnival, breached the relevant contract. (Compl. ¶ 50). Carnival protests that it cannot possibly be liable under a breach of contract theory if *it* did not actually commit a breach. *Cf. Rinker v. Carnival Corp.*, 753 F. Supp. 2d 1237, 1244 (S.D. Fla. 2010) ("To hold Carnival liable for a breach by the other contracting parties, as Plaintiff seeks to do, would turn contract law on its head.").

In response to these arguments, Gentry cites to an unpublished opinion where the district court held, under what appear to be similar facts, that Carnival was also subject to the excursion entities' obligations because the plaintiff alleged in the complaint that Carnival was the owner or co-owner of the excursion. *See Bridgewater v. Carnival Corp.*, No. 10-22241 (S.D. Fla. May, 10, 2011) (order denying motion to dismiss), at 2. Gentry made a similar allegation here. (Compl. ¶ 13). Carnival responds that whether it "was a co-owner or not [of the excursion] is irrelevant to whether there is language in the contract between Carnival and the [excursion entities] that creates an obligation to Plaintiff that Carnival is contractually [obligated to] fulfill." (DE 31, at 9).

The Court agrees with Carnival here. In essence, Gentry is asking the Court *to imply* an obligation (and, apparently, also a breach) of Carnival based on its alleged status

16

as a co-owner of the excursion. This is precisely what the case law in this district says that a court must *not* do for a passenger suing a cruise line.

In sum, dismissal of this claim is appropriate because no construction of Gentry's claims will support a cause of action against Carnival under a breach of contract theory. Gentry does not allege that Carnival breached any contractual provision nor even that Carnival had any obligations to Gentry under a contract, and the law prohibits imposing an *implied* contractual duty on a cruise line in favor of a fare-paying passenger.

Count VIII will therefore be **dismissed** as to Carnival; however, the Court will grant Gentry's request for leave to file an amended complaint.[3] If Gentry elects to file an amended complaint, it should include (1) the specific contractual provisions imposing a duty on Carnival and (2) an allegation that Carnival breached its contractual duty.

---

[3] The notion of providing a second chance is hardly unique to the rules governing pleading in the federal courts. The concept is frequently found in popular culture, including music. See, e.g., "Everybody Gets a Second Chance," a 1991 song released by Mike and the Mechanics. The relevant lyrics from that song are: "Everybody gets a second chance, the circumstance to say I'm sorry." The final chorus contains modified lyrics: "Everybody wants a, everybody needs a, everybody gets a second chance." http://www.uplyrics.com/everybody_gets_a_second_chance-lyrics-mike_and_the_mechanics (last visited Oct. 5, 2011). Formed in 1984 by Mike Rutherford, a bassist/guitarist who founded Genesis, one of the most successful musical groups in modern history, Mike and the Mechanics released the song in 1991 on the "Word of Mouth" album, on Atlantic Records. http.//www.mike-and-the-mechanics.co.uk/gb/biography (last visited Oct. 5, 2011); http://www.allmusic.com/artist/pl13677/biography (last visited Oct. 5, 2011); http://www.connollyco.com/discography/mike_mechanics/word.html (last visited Oct. 5, 2011).

## V. CONCLUSION

Count VIII is dismissed without prejudice as to Carnival only. Gentry may file an amended complaint within 10 days of the entry of this order. The case shall proceed on the remaining counts.

ORDERED in Chambers, in Miami, Florida, October 5th, 2011.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record